**DICK'S SPORTING GOODS, INC.**

v.

**DICK'S CLOTHING & SPORTING GOODS, INC.**

Civil No. L–96–320.

United States District Court, D. Maryland.

July 1, 1998.

**500**

Richard M. McMahon, Sr., Upperco, MD, and Joseph P. Katrick, White Marsh, MD, for Plaintiff and Counter-Defendant, Dick's Sporting Goods, Inc.

Steven K. Fedder, and Caroline E. Petro, Baltimore, MD, for Defendant and Counter-Claimant, Dick's Clothing & Sporting Goods, Inc.

## MEMORANDUM

LEGG, District Judge.

In this action for trade name infringement the plaintiff, Dick's Sporting Goods ("DSG"), filed a Complaint on February 2, 1996, and an Amended Complaint on December 2, 1996. The defendant, Dick's Clothing & Sporting Goods, Inc. ("DCSG"), filed a Counterclaim on June 21, 1996. On March 31, 1998, this Court issued an Order granting DCSG summary judgment on both DSG's Amended Complaint and DCSG's Counterclaim.

Now before the Court are two motions filed by DCSG on April 10, 1998: a Motion for Award of Attorneys' Fees and Costs (Docket No. 62), and a Motion to Amend Judgment (Docket No. 61). DCSG seeks an Order amending this Court's Order dated March 31, 1998. In essence, DCSG requests statutory damages, attorney's fees, and costs under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and injunctive relief in accordance with the Court's grant of summary judgment against DSG on DCSG's Counterclaim. For the reasons set forth below, the Court, by separate orders, shall grant in part and deny in part both motions filed by DCSG.

Section 35(a) of the Lanham Act reads, in pertinent part:

"When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office... shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled... subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action... The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a).

The award of monetary damages, attorney fees and costs under the Lanham Act is committed to the sound discretion of the Court, based on the equities of each particular case. *Bandag, Inc. v. Al Bolser's Tire Stores, Inc.*, 750 F.2d 903, 917 (Fed.Cir. 1984). In this District, to recover attorney fees as the counterplaintiff under the Lanham Act, DCSG must show that DSG acted in bad faith. *Scotch Whisky Assn. v. Majestic Distilling Co., Inc.* 958 F.2d 594, 599 (4th Cir.1992).

The Court finds that the award of monetary damages to DCSG is not warranted in this case. DCSG's Counterclaim did not allege any facts to support an award of compensatory damages. During the course of the entire litigation, DCSG never claimed that DSG profited from the use of an infringing trade name, or that DSG's conduct caused DCSG any monetary losses other than the litigation costs themselves. DCSG neither alleges nor provides proof of any facts to fill that gap at this stage. Accordingly, an award to DCSG of either DSG's profits or compensatory damages is inappropriate.

An award of attorney fees is also unwarranted in this case. DCSG registered its trade name with the Patent and Trademark Office on September 19, 1989. On July 17, 1995, a few months before DCSG was scheduled to open its first three stores in Maryland, DSG filed articles of incorporation with the Maryland State Department of Assessment and Taxation ("SDAT") under the name "Dick's Clothing & Sporting Goods, Inc." Gary R. Shank, owner of DSG, testified that, at the time of filing with the SDAT, he

was not aware that DCSG had a federally registered trademark for the name "Dick's Clothing & Sporting Goods." Deposition of Gary Shank at 40. DCSG does not contest this testimony.

Instead, Shank testified that he decided to file with the SDAT in response to unconfirmed rumors that DCSG intended to open several stores in Maryland. According to Shank, the SDAT filing was a defensive measure intended to draw DCSG to the negotiating table over the use of the parties' trade names. *Id.* at 32–33. In keeping with such a scheme, DSG never actually engaged in business under the name "Dick's Clothing & Sporting Goods." In the Court's view, such conduct on the part of DSG does not constitute the sort of willful trade name infringement necessary to support a finding of bad faith and the award of attorney fees.[1]

Under the circumstances of this case, the Court shall grant only in part DCSG's request for costs. Costs customarily taxable to litigants by the Court are defined at 28 U.S.C. § 1920.[2] Ordinarily, costs other than attorney fees are awarded to the prevailing party as a matter of course. Fed. R. Civ. Proc. 54(d)(1).

■ In this case, however, DCSG's request for costs includes significant amounts that do not fit the definition of taxable costs under 28 U.S.C. § 1920. DCSG prays for an award of costs totaling $69,355.07. Of these, $58,224.50 are attributable to expenses for surveys conducted by DCSG's experts. In addition, $6,414.78 of DCSG's costs are attributable to "Other" costs, namely "Xerox, Delivery, Long Distance Phone, Lexis/Westlaw, Travel." Defendant's Exh. A.

Neither expenses associated with the litigants' own experts, nor the expenses categorized by DCSG as "other," are enumerated under 28 U.S.C. § 1920. Moreover, the equities of this case do not warrant departure from the guidelines of the statute. DCSG is an expanding retail chain with 51 large stores across several states. DSG, on the other hand, operates a single store in Essex, Maryland. According to the latest figures available to the Court, DSG's gross sales for the year 1995 totaled $314,041.[3] Accordingly, the Court shall grant DCSG's demand only for costs customarily allowed, which in this case total $4,715.79.[4]

---

1. In interpreting what constitutes bad faith under Section 35(a), the Court finds instructive the following Congressional language, quoted by the Fourth Circuit in *Scotch Whisky*, 958 F.2d at 599:

"Deliberate and flagrant infringement of trademarks should particularly be discouraged in view of the public interest in the integrity of marks as a measure of quality of products. Effective enforcement of trademark rights is left to the trademark owners and they should, in the interest of preventing purchaser confusion, be encouraged to enforce trademark rights. It would be unconscionable not to provide a complete remedy including attorney fees for acts which courts have characterized as malicious, fraudulent, deliberate and willful." S.Rep.No. 1400, 93rd Cong., 2d Sess. *reprinted in* 1974 U.S.C.C.A.N. 7132, 7136.

Because DSG never used the name registered with the SDAT in business, the Congressional concern with protecting the public interest and the integrity of marks does not apply to this case.

2. That statute provides:

"A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree." 28 U.S.C. § 1920.

3. Plaintiff's 1995 Tax Returns, Plaintiff's Summary J. Exh. 16.

4. The rules of this Court provide, in pertinent part:

"In any case where any costs other than the fee for filing the action are being requested, the bill for costs shall be supported by affidavit..." Local Rule 109.1.b.

DCSG has failed to support its motion for costs with the requisite affidavit. However, to deny DCSG on this ground the costs to which it is entitled would be unjust. Accordingly, the Court shall grant DCSG leave to present to the Clerk an amended motion for costs, in accordance with

With respect to DCSG's request for injunctive relief, the Court shall grant in part and deny in part DCSG's Motion to Amend Judgment. As stated in the Court's March 31, 1998, memorandum, DCSG's Counterclaim did not seek to stop DSG from using locally the name "Dick's Sporting Goods, Inc." DCSG, however, is entitled to register to do business in Maryland under its own name. Accordingly the Court, by separate Order, shall direct DSG to withdraw its registration with the SDAT under the name of "Dick's Clothing & Sporting Goods, Inc." DSG, however, shall not be enjoined from using or registering with the SDAT DSG's own name, "Dick's Sporting Goods." [5]

**Conclusion**

For the reasons stated, the Court, by separate Order, shall (1) grant in part and deny in part DCSG's Motion for Award of Attorneys' Fees and Costs, and (2) grant in part and deny in part DCSG's Motion to Amend Judgment.

the principles set forth in this memorandum. The amended motion for costs shall be deemed timely filed as of April 10, 1998, the date of the original motion.

5. DSG has represented to the Court that it is already registered with the State Department of Assessment and Taxation under the name "Dick's Sporting Goods, Inc." According to DSG, it has been so registered since long before the events leading up to this dispute.